## POSTAL TELEGRAPH-CABLE COMPANY OF INDIANA v. CHICAGO, LAKE SHORE AND SOUTH BEND RAILWAY COMPANY.

[No. 7,640. Filed January 10, 1912.]

From Laporte Superior Court, Harry B. Tuthill, Judge.

Action by the Postal Telegraph-Cable Company of Indiana against the Chicago, Lake Shore and South Bend Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John B. Peterson, Loesch, Scofield & Loesch* and *Frank J. Loesch,* for appellant.
*F. J. Lewis Meyer, D. E. Morgan, Kline, Tolles & Morley,* for appellee.

MYERS, J.—Appellant, an Indiana corporation, engaged in constructing, maintaining and operating telegraph lines in this State, connecting with lines of other telegraph companies, composing what is known as the Postal Telegraph-Cable Company System, extending

throughout the United States and to foreign countries, brought this suit against appellee, also an Indiana corporation, engaged in constructing, maintaining and operating a single-track electric railway between Indiana Harbor and South Bend, Indiana, for the purpose of restraining the latter from operating its line of railway until it has been so constructed and arranged as not to interfere with the free and uninterrupted use by appellant of its telegraph lines.

From the complaint it appears that each of these parties, respectively, in the conduct of its business, used currents of electricity, appellant using currents of small intensity, and appellee using high-tension currents, known as the "single phase alternating current system." Said system employs electrical currents of 33,000 volts, transmitted from a power station at Michigan City to substations at Terre Haute and Indiana Harbor, where they are transformed into currents of 6,600 volts. The poles, lines, wires and other electrical apparatus used by appellant in its said business are located on its private right of way or on highways, and are indispensable to the business in which it is engaged. For many miles between Indiana Harbor and South Bend appellee's line of railway is located on its private right of way, paralleling and in close proximity to the right of way and telegraph wires used by appellant. The high tension currents of electricity carried by means of trolley wires, employed by appellee to propel cars in the operation of its railway, are of such character and intensity as to induce electrical currents of similar character in all electrical conductors of appellant in proximity to said trolley wires. The high voltage so employed by appellee, and by reason of its proximity and parallelism, and the manner of construction and mode of operation of said railway, greatly interferes with, and at times renders useless appellant's telegraph lines. It further appears that such interference might be obviated by appellee's installing electrical appliances and devices, but the character of these devices is not stated.

The complaint proceeds upon the theory of the escape of electrical currents from the trolley wires of appellee, through what is scientifically known as induction, to the wires and electrical apparatus of appellant, essentially interfering with the free use and comfortable enjoyment of its property. It is insisted that the pleaded facts are sufficient to charge appellee with maintaining an actionable nuisance, within the maxim *sic utere tuo ut alienum non laedas*, or, in other words, its right to relief is based solely on the broad principle announced in the case of *Fletcher* v. *Rylands* (1866), L. R. 1 Ex. *265, that "one who for his own purpose brings upon his land and conducts and keeps thereon things likely to do mischief, if it escapes, is *prima facie* answerable for all the damage which is the natural consequence of its escape." The complaint does not charge, nor is it claimed that appellee is guilty of any negligence, unskill-

Western Union, etc., Co. v. Chicago, etc., R. Co.—49 Ind. App. 699.

fulness or malice in constructing, maintaining or operating its line of railway. The only question for our decision is, Does the complaint state facts sufficient to constitute a cause of action?

The questions controlling the decision of this case were presented, considered and decided adversely to appellant in the case of *Lake Shore, etc., R. Co.* v. *Chicago, etc., R. Co.* (1911), 48 Ind. App. 584, 92 N. E. 989, 95 N. E. 596, and upon the authority of that case the judgment in this case is affirmed.